**NASD Dispute Resolution**
www.nasd.com

Midwest Region
10 S. LaSalle Street • Suite 1110 • Chicago, IL • 60603-1002 • 312-899-4440 • Fax 312-236-9239



November 30, 2005

Beverly Jo Slaughter, Esq.
Wachovia Securities, LLC
901 East Byrd Street
Mail Code WS2217
Richmond, VA 23219

Subject:   NASD Dispute Resolution Arbitration Number 05-02573
Ottilia Dee Baldwin v. Wachovia Securities LLC and Dennis Bielfedt v. Joanna Sunderland and Ottilia Dee Baldwin

Dear Ms. Slaughter:

An arbitration award has ordered you, or a person associated with you, to pay monetary damages or provide other relief to a party in the above-referenced matter.

Please be aware that Rule 10330(h) of the Code of Arbitration Procedure provides as follows:

> All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

NASD Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. Therefore, we request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons.

**Members must notify NASD Dispute Resolution in writing, within 30 days of receipt of the award, whether or not they or their associated persons have complied with the award. The 30-day period ends on: January 3, 2006.** Associated persons who have changed employment since the arbitration claim was filed are required to notify NASD Dispute Resolution directly regarding the payment status of any awards against them. Please review NASD Notice to Members 00-55 for more information on the notification requirement and the sanctions for noncompliance.

All awards are final and are not subject to review or appeal by the arbitration panel or by NASD Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must

bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. NASD Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion.

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

Please forward any questions or correspondence concerning the monitoring and tracking of arbitration awards and/or payment of awards to Jennifer Kozielski, Department of Case Administration, One Liberty Plaza, 165 Broadway, 52nd floor, New York, NY, 10006. You may also contact her by telephone at 212-858-4481, fax at 301-527-4761, or e-mail at jennifer.kozielski@nasd.com.

Very truly yours,

Erroll E. Angara
Case Administrator
312-899-4440  Fax: 301-527-4853

EEA:EEA:LC09X
rc:07/05

RECIPIENTS:
    Beverly Jo Slaughter, Esq., Dennis Carl Bielfeldt
    Wachovia Securities, LLC, 901 East Byrd Street, Mail Code WS2217, Richmond,
    VA  23219

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Ottilia Dee Baldwin, Trustee
of the Ottilia Dee Baldwin Revocable Trust,
                 Claimant,

v.

Wachovia Securities, LLC and
Dennis Bielfeldt
                 Respondents.

Case Number: 05-02573

Hearing Site: Indianapolis, Indiana

---

Wachovia Securities, LLC and
Dennis C. Bielfeldt,

                 Third-Party Claimants,

v.

Ottilia Dee Baldwin and Joanna Sunderland,
Co-Trustees of the Ottilia Dee Baldwin
Revocable Trust, and Joanna Sunderland,
Attorney-in-Fact for Ottilia Dee Baldwin,

                 Third-Party Respondents.

---

Nature of the Dispute: Customer vs. Member Firm and Associated Person

## REPRESENTATION OF PARTIES

Ottilia Dee Baldwin ("Baldwin"), hereinafter referred to as "Claimant": Andrew Stoltmann, Esq. of Stoltmann Law Offices, P.C., located in Chicago, Illinois.

Joanna Sunderland ("Sunderland"), hereinafter referred to as "Third-Party Respondent": Andrew Stoltmann, Esq. of Stoltmann Law Offices, P.C., located in Chicago, Illinois.

Wachovia Securities, LLC ("Wachovia") and Dennis Bielfeldt ("Bielfeldt"), hereinafter collectively referred to as "Respondents": Beverly Jo Slaughter, Esq. of Wachovia Securities, LLC, located in Richmond, Virginia.

## CASE INFORMATION

Statement of Claim filed on or about: May 16, 2005
Baldwin signed the Uniform Submission Agreement: May 4, 2005

Wachovia and Bielfeldt jointly filed a Statement of Answer and Counterclaim on or about August 3, 2005.
Wachovia signed the Uniform Submission Agreement on August 3, 2005

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 2 of 6

Bielfeldt signed the Uniform Submission Agreement on: July 29, 2005
Claimant filed an Answer to Respondents' Counterclaim on or about: September 28, 2005

Claimant filed a Motion for Sanctions for Failure to Produce Documents as Ordered by the Panel on or about: November 3, 2005

Respondents filed a Response to Claimant's Motion for Sanctions on o about: November 8, 2005

## CASE SUMMARY

Claimant asserted the following causes of action: omission of facts, breach of fiduciary duty, negligence, failure to supervise, common law fraud and misrepresentation, breach of contract and Respondeat Superior, and violation of the Indiana Securities Act and NASD rules. The causes of action relate to unauthorized trading of various securities including, Bank of America, Citigroup, Duke Energy, Thornburg Mortgage, WPS Resource and Bank Deposit. Claimant also asserted that due to these unauthorized trades, Claimant now owes $101,656.00 in capital gain taxes to the State of Indiana and $410,654.00 in long-term capital gain taxes to the U.S. Government for tax year 2004.

Unless specifically admitted in their Answer, Respondents, Wachovia and Bielfeldt, denied the allegations made in the Statement of Claim and asserted various affirmative defenses:

1. Claimant entered into agreements with Wachovia regarding the investment accounts. The economic loss doctrine, which precludes recovery in tort where a contractual relationship exists and where the complainant seeks compensation for purely economic losses, bars Claimant from direct recovery under the common law tort claims and from derivative recovery under a theory of respondent superior.
2. Wachovia is not liable to Claimant for negligent supervision because Wachovia had established procedures, and a system for applying those procedures, that were designed to prevent and detect the alleged violations at issue in this case.
3. Any losses suffered by Claimant resulted from her own actions or the actions of persons or entities that were not affiliated with Respondents, thereby barring any recovery against Respondents.
4. Claimant is barred from any recovery because she directed, authorized and consented to, acquiesced in, or ratified the transactions in question.
5. Claimant is barred from recovery because she ultimately controlled investment decisions in the accounts.
6. Claimant is barred from any recovery because she failed to mitigate her alleged damages.
7. At all times material, Claimant knew, understood and accepted the risks associated with the transactions at issue.
8. Claimant is barred from recovery because she was apprised fully of the nature and risks of their investments, and all facts material to their investment decisions, through correspondence, prospectuses, discussions and meetings with Respondents.
9. Claimant is barred from recovery because the Statement of Claim fails to state a claim upon which the arbitrators can grant relief.
10. Claimant failed to exercise the requisite degree of diligence and care that a reasonable investor would exercise under similar circumstances. As a result, Claimant's claims, which are all premised upon breach of fiduciary duty, are barred in whole or in party by Claimant's failure to exercise due diligence of reasonable care.

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 3 of 6

11. Claimant has failed to state a claim with respect to any entitlement to punitive damages under either federal or state law.
12. Claimant is barred from recovery by the doctrine of laches in that Claimant knew of the risks attendant to the investments at issue, and with full knowledge, accepted those risks. Claimant is now barred by the doctrine of laches from proceeding with the claims.
13. There is no cause of action for violation of SRO rules.

Respondents' Third-Counterclaim asserted that Ottilia Dee Baldwin and Joanna Sunderland, co-trustees pursuant to the Trust Agreement, entered into written agreements with Respondents on or about July 9, 2004. Per their written agreement, Claimants were to indemnify and hold harmless the Respondents from any liability for effecting transactions of the types specified by the co-trustees in the agreement pursuant to the instructions given to Respondents by the co-trustees. While Respondents maintain that they are not liable to Claimants under any circumstances, to the extent that the Trust Account sustained actual losses and Respondents are held liable for those losses, the co-trustees, Ottilia Dee Baldwin and Joanna Sunderland, are liable for Respondents for contribution because they were caused by the actionable conduct of Baldwin and Sunderland.

In their Answer to Respondents' Counterclaim, Claimant and Third-Party Respondent, Joanna Sunderland ("Sunderland"), asserted that NASD has no jurisdiction over Sunderland, as Sunderland was not a client of Wachovia and did not subject herself to the jurisdiction of NASD Dispute Resolution. Claimant re-asserts her claims as stated in her Statement of Claim, and further asserts that Respondents' Counterclaim is frivolous, merit-less and designed to intimidate and harass the Claimant.

## RELIEF REQUESTED

Baldwin requested up to $999,999.00 in compensatory damages; an unspecified amount in punitive damages; costs and attorney's fees, including witness fees, expenses and accounting fees; disgorgement of commissions and fees charged to Baldwin's account in an amount of at least $74,948.00 reflecting the commissions charged between July 1, 2004 and February 28, 2005; lost interest; and pre and post-award interest.

Respondents, Wachovia and Bielfeldt, requested dismissal of all claims against them in the Statement of Claim, and in their Counterclaim, request for an award for indemnification; for interest on any sum due for indemnity; for all costs incurred; and for such other relief as the Panel deems just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

In an Order dated November 9, 2005, the Panel deferred its ruling on Claimant's Motion for Sanctions until the hearing of this matter.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 4 of 6

1. Respondents, Wachovia Securities, LLC and Dennis Bielfeldt, are jointly and severally liable for and shall pay Claimant, Ottilia Dee Baldwin, the sum of $320,000.00 as compensatory damages.
2. Respondents, Wachovia Securities LLC and Dennis Bielfeldt, are jointly and severally liable for and shall pay Claimant, Ottilia Dee Baldwin, the sum of $106,667.00 as and for attorney's fees. In deciding to award attorney's fees, the Panel considered the pleadings filed by counsel, as well as arguments presented on behalf of the parties, and determined that authority existed in awarding attorney's fees to the Claimant.
3. Respondents, Wachovia Securities LLC and Dennis Bielfeldt, are jointly and severally liable for and shall pay Claimant, Ottilia Dee Baldwin, the sum of $4,000.00 as and for costs. In deciding to award attorney's fees, the Panel considered the pleadings filed by counsel, as well as arguments presented on behalf of the parties, and determined that authority existed in awarding costs to the Claimant.
4. Respondents, Wachovia Securities, LLC and Dennis Bielfeldt, are jointly and severally liable for and shall pay to Claimant, Ottilia Dee Baldwin, the sum of $375.00 as reimbursement for the non-refundable NASD Dispute Resolution.
5. Except as otherwise specified herein, parties shall bear their own costs, including any outstanding attorneys' fees.
6. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
| | |
|---|---|
| Initial claim filing fee | = $ 375.00 |
| Counterclaim filing fee | = $ 1,250.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, Wachovia Securities, LLC is a party to this proceeding and is assessed the following fees:
| | |
|---|---|
| Member surcharge | = $ 2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 4,000.00 |

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Decisions on discovery-related motions on the papers
with one (1) arbitrator @ $200.00                                = $ 400.00

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 5 of 6

| | | | |
|---|---|---|---|
| One (1) Pre-hearing session with a single arbitrator @ $1,200.00 | | | = $ 1,200.00 |
| Pre-hearing conference: | August 29, 2005 | 1 session | |
| | | | |
| Seven (7) Hearing sessions @ $1,200.00 | | | = $ 8,400.00 |
| Hearing Dates: | November 15, 2005 | 2 sessions | |
| | November 16, 2005 | 2 sessions | |
| | November 17, 2005 | 2 sessions | |
| | November 18, 2005 | 1 session | |
| **Total Forum Fees** | | | **= $10,000.00** |

The Panel has assessed 100% of the total forum fees in the amount of $10,000.00 solely to Respondent Wachovia Securities, LLC.

### Fee Summary

1. Claimant, Ottilia Dee Baldwin, is solely liable for:
   | | |
   |---|---|
   | Initial Filing Fee | = $     375.00 |
   | Less payments | = $ 1,575.00 |
   | Refund Due from NASD Dispute Resolution | = $ 1,200.00 |

2. Respondent, Wachovia Securities, LLC, is solely liable for:
   | | |
   |---|---|
   | Member Fees | = $ 7,000.00 |
   | Forum Fees | = $10,000.00 |
   | Total Fees | = $17,000.00 |
   | Less payments | = $ 7,250.00 |
   | Balance Due NASD Dispute Resolution | = $ 9,750.00 |

3. Respondents, Wachovia Securities, LLC and Dennis C. Bielfeldt, are jointly and severally liable for:
   | | |
   |---|---|
   | Counterclaim Filing Fee | = $ 1,250.00 |
   | Less payments | = $ 1,250.00 |
   | Balance Due NASD Dispute Resolution | = $         0.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

| | | |
|---|---|---|
| Richard H. Potter | - | Public Arbitrator, Presiding Chairperson |
| Paul R. Freeland | - | Public Arbitrator |
| Robert L. Smith | - | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

/s/ Richard H. Potter                                                                11/28/05
Richard H. Potter                                                                    Signature Date
Public Arbitrator, Presiding Chairperson

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 6 of 6

Paul R. Freeland                                          Signature Date
Public Arbitrator

/s/ Robert L. Smith                                       _____11/30/05_____
Robert L. Smith                                           Signature Date
Non-Public Arbitrator

_____11/30/05_____
Date of Service (For NASD Dispute Resolution use only)

11/28/2005 14:08 FAX                    NASD                                              ☒ 01 /002

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 5 of 6

| | | | |
|---|---|---|---|
| One (1) Pre-hearing session with a single arbitrator @ $1,200.00 | | | = $ 1,200.00 |
| Pre-hearing conference: | August 29, 2005 | 1 session | |

| | | | |
|---|---|---|---|
| Seven (7) Hearing sessions @ $1,200.00 | | | = $ 8,400.00 |
| Hearing Dates: | November 15, 2005 | 2 sessions | |
| | November 16, 2005 | 2 sessions | |
| | November 17, 2005 | 2 sessions | |
| | November 18, 2005 | 1 session | |

**Total Forum Fees**                                                            = $10,000.00

The Panel has assessed 100% of the total forum fees in the amount of $10,000.00 solely to Respondent Wachovia Securities, LLC.

**Fee Summary**

1. Claimant, Otilia Dee Baldwin, is solely liable for:
    Initial Filing Fee                                                          = $   975.00
    Less payments                                                               = $ 1,575.00
    Refund Due from NASD Dispute Resolution                                     = $ 1,200.00

2. Respondent, Wachovia Securities, LLC, is solely liable for:
    Member Fees                                                                 = $ 7,000.00
    Forum Fees                                                                  = $10,000.00
    Total Fees                                                                  = $17,000.00
    Less payments                                                               = $ 7,250.00
    Balance Due NASD Dispute Resolution                                         = $ 9,750.00

3. Respondents, Wachovia Securities, LLC and Dennis C. Bielfeldt, are jointly and severally liable for:
    Counterclaim Filing Fee                                                     = $ 1,250.00
    Less payments                                                               = $ 1,250.00
    Balance Due NASD Dispute Resolution                                         = $     0.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**ARBITRATION PANEL**

Richard H. Potter      -    Public Arbitrator, Presiding Chairperson
Paul R. Freeland       -    Public Arbitrator
Robert L. Smith        -    Non-Public Arbitrator

Concurring Arbitrators' Signatures:

[signature]

Richard H. Potter
Public Arbitrator, Presiding Chairperson

11·28·05
Signature Date

NASD Dispute Resolution
Arbitration No. 05-02573
Award Page 6 of 6

Paul R. Freeland
Public Arbitrator

Signature Date

*/s/ Robert L. Smith*
Robert L. Smith
Non-Public Arbitrator

11/30/05
Signature Date

_____
Date of Service (For NASD Dispute Resolution use only)

TOTAL P.13